**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | |
|---|---|
| **BRENDAN J. MULLEN**, | |
| Plaintiff, | |
| v. | Civil Action No. 7:20-CV-176 (HL) |
| **ILG TECHNOLOGIES, LLC, d/b/a ILG INFORMATION TECHNOLOGIES**, | |
| Defendant. | |

**ORDER**

Plaintiff Brendan J. Mullen sat for the Georgia Bar Exam in February 2016. A technical error caused Plaintiff to be misinformed that he failed the exam. Plaintiff filed this lawsuit against Defendant ILG Technologies, LLC, d/b/a ILG Information Technologies ("ILG Technologies" or "ILG"), which contracted with the Georgia Office of Bar Admissions and the Georgia Board of Bar Examiners to provide the software that supported administration of the bar exam. On July 15, 2021, the Court entered an Order dismissing Plaintiff's claims for negligence, breach of contract, strict liability, and negligent design for failure to state a claim. (Doc. 16). Plaintiff's only remaining claims are for negligent misrepresentation and attorney's fees.

Now before the Court is Defendant's Motion for Summary Judgment. (Doc. 19). After reviewing the pleadings, briefs, affidavits, and other evidentiary

materials presented, the Court finds that Defendant is entitled to judgment as a matter of law and **GRANTS** Defendant's motion.

## I.    BACKGROUND

Plaintiff Brendan J. Mullen graduated from Florida State University College of Law in May 2015. (Mullen Dep., p. 6). Plaintiff sat for the Georgia Bar Examination ("bar exam") in July 2015. (Id.). Unfortunately, Plaintiff did not achieve a passing score. (Id. at p. 7). After taking the February 2016 bar exam, Plaintiff again received notification that he did not pass the licensing exam. (Id.). Determined to become a practicing attorney, Plaintiff took the July 2016 bar exam. (Id. at p. 8).

In September 2016, while awaiting the results of the July exam, Plaintiff received a notice from the Office of Bar Admissions informing him that he was one of ninety individuals who received erroneous exam results in July 2015 or February 2016. (Id. at p. 9; Doc. 22-4). The Office of Bar Admissions apologized for the error and assured Plaintiff and others in his position that the cause of the scoring error had been identified and corrected. (Doc. 22-4). Plaintiff received a second letter confirming he passed the February 2016 bar exam. (Id. at p. 9).

Defendant ILG Technologies is a computer software company. ILG contracted with the Office of Bar Admissions beginning in 2012 to provide a product called Electronic Bar Admissions Solution ("EBAS). (Misman Decl., ¶¶ 4, 7). EBAS has two components: Electronic Bar Application ("E-Bar"), a portal for

completing and submitting applications and for providing notifications; and Admission Manager, which processes applications, performs seat assignments, generates notifications to applicants, and conducts score calculations. (Id. at ¶ 4). EBAS is a different software program than what Georgia bar applicants load onto their personal computers to take the bar exam. (Id. at ¶ 8). Rather, the software provided under ILG's contract was for exclusive use by the Office of Bar Admissions. (Id.).

It is undisputed that the Office of Bar Admissions performed all data entry, grading, and score calculating for the 2015 and 2016 bar examinations. (Doc. 19-2, ¶ 5; Doc. 24, ¶ 5).[1] ILG played no role. (Id.). It is further undisputed that ILG never communicated with Georgia bar applicants about the examination process, the grading of the exam, or exam scores. (Doc. 19-2, ¶¶ 7-9; Doc. 24, ¶¶ 7-9). Plaintiff confirmed in his deposition that he received no communication from ILG, and, prior to receiving notification of the grading error, he had never heard of ILG. (Mullen Dep., p. 11).

---

[1] Based on his investigation, Baris Misman, the developer of EBAS, postulates the person responsible for tabulating the July 2015 bar exam results failed to perform the final step of the calculation process, which resulted in the scoring errors. (Misman Decl., ¶ 25). Misman determined that the erroneous results reported for the February 2016 exam also resulted from user error by the Office of Bar Admissions. (Id. at ¶¶ 28, 30).

## II.    SUMMARY JUDGEMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of material fact arises only when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When considering a motion for summary judgment, the court must evaluate all of the evidence, together with any logical inferences, in the light most favorable to the nonmoving party.  Id. at 254–55.  The court may not, however, make credibility determinations or weigh the evidence.  Id. at 255; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

## III.   DISCUSSION

Defendant argues Plaintiff's negligent misrepresentation claim fails for three reasons. First, ILG made no misrepresentation to Plaintiff. Second, Plaintiff relied on no false information provided by ILG. And third, even if ILG did supply false information, ILG has immunity under Georgia law. Because the Court concludes there is no evidence ILG made any false representation upon which Plaintiff relied, the Court does not reach Defendant's immunity argument.

4

The essential elements of the tort of negligent misrepresentation under Georgia law are:

> (1) the defendant's negligent supply of false information to foreseeable persons, known or unknown; (2) such persons' reasonable reliance upon that false information; and (3) economic injury proximately resulting from such reliance.

Martin v. Chasten, 354 Ga. App. 518, 522 (2020) (quoting InComm Fin. Serv. V. Global Payments, 349 Ga. App. 363, 365 (2019)). Absent of any one of these elements, no liability will arise. See InComm Fin. Serv., 349 Ga. App. at 366.

The first element has two parts. The plaintiff first must show an affirmative misrepresentation. The plaintiff next must demonstrate he was the target of the misrepresentation, either directly or indirectly. Plaintiff here fails to present evidence that ILG provided any false information. Plaintiff alleges ILG falsely represented to the Office of Bar Admissions that the EBAS software would provide accurate bar exam results and that ILG falsely represented to the Office of Bar Admissions that Plaintiff failed the bar exam. (Doc. 1-4, ¶ 28; Doc. 23, p. 11-12). However, Plaintiff has presented no evidence in support of these assertions. Contrarily, the undisputed facts indicate that ILG performed "no data entry related to the processing of Georgia bar exam results"; "did not calculate bar exam scores"; and "never communicated bar exam results to the Georgia Office of Bar Admissions." (Doc. 19-2, ¶¶ 5-6; Doc. 24, ¶¶ 5-6).

Plaintiff also has not demonstrated that he was either a direct or indirect recipient of any false information supplied by ILG. The Supreme Court of Georgia held in Robert & Co. Assoc. that:

> [O]ne who supplies information during the course of his business, profession, employment, or in any transaction in which he has a pecuniary interest[,] has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used.

Robert & Co. Assoc. v. Rhodes-Haverty P'ship, 250 Ga. 680, 681 (1983). Liability for providing false information "is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly." Id. "If it can be shown that the representation was made for the purpose of inducing third parties to rely and act upon the reliance, then liability to the third party [for negligent misrepresentation] can attach." Id.

Plaintiff has not pointed to any language in the contract between ILG and the Office of Bar Admissions for the bar exam software intended, either directly or indirectly, to induce reliance on the product by a third party like Plaintiff. Plaintiff claims, without support, that ILG represented to the Office of Bar Admissions that the EBAS software would generate accurate results. (Doc. 23, p. 12). But Plaintiff identifies no language in the contract evidencing such a warranty. Plaintiff's claim that ILG represented to the Office of Bar Admissions that Plaintiff failed the bar also lacks merit as it is undisputed that ILG neither

generate nor reported any exam results. (Doc. 19-2, ¶¶ 5-6; Doc. 24, ¶¶ 5-6). In short, the only evidence before the Court is that ILG contracted with the Office of Bar Admissions to provide a software program the bar admissions officials could then utilize to calculate bar exam results. The fact that an error occurred is unfortunate but not actionable.[2]

Having failed to establish the first essential element of a claim for negligent misrepresentation, Plaintiff's claim fails as a matter of law. The Court therefore **GRANTS** Defendant's motion for summary judgment. With no substantive claims remaining, Plaintiff's claim for attorney's fees likewise fails. O.C.G.A. § 13-6-11; Gilmour v. Gates, McDonald and Co., 382 F.3d 1312, 1316 (explaining an attorney's fee claim under O.C.G.A. § 13-6-11 requires an underlying tort claim).

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment. (Doc. 19). This case is dismissed with prejudice.

**SO ORDERED**, this 6th day of July, 2022.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks

---

[2] In his order granting ILG's motion for summary judgment in an identical case, Judge Thomas W. Thrash aptly analogized this sequence of events to a student blaming a failing grade on a calculator. Heath v. ILG Technologies, LLC, d/b/a ILG Information Technologies, No. 1:20-CV-3130, 2021 WL 4267373, at *2 (N.D. Ga. Sept. 17, 2021). Judge Thrash explained that ILG cannot be held liable for erroneous results generated by the Office of Bar Admissions faulty data entry. Id.